IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BENNIE FULLARD, JR.,

      Petitioner,

v.

WARDEN RICHARD J. GRAHAM, et al.,

      Respondents.

Civil Action No. GLR-18-572

## <u>MEMORANDUM OPINION</u>

THIS MATTER is before the Court on Petitioner Bennie Fullard, Jr.'s Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). Fullard, a state prisoner confined at the Western Correctional Institution in Cumberland, Maryland, challenges his 2008 conviction for first-degree murder. Having reviewed the Petition as supplemented (ECF Nos. 1, 3) and Respondent's responses and supplements thereto (ECF Nos. 7, 10), the Court finds no need for an evidentiary hearing. <u>See</u> R. Govern. § 2254 Cases U.S. Dist. Ct. 9(a); 28 U.S.C. § 2254(e)(2) (2018); Local Rule 105.6 (D.Md. 2018). For the reasons set forth below, the Court will deny Fullard's Petition as time-barred.

## I.      BACKGROUND

On February 12, 2008, Fullard pleaded guilty to first-degree murder in the Circuit Court for Baltimore County. (Limited Answer Pet. for Writ Habeas Corpus ["Answer"] Ex. 1 ["Docket Entries"] at 3, ECF No. 7-1). In accordance with the plea agreement, Fullard was sentenced that same day to life in prison, with all but thirty years suspended, and five

years' probation. (Id.) Fullard did not file an application for leave to appeal his judgment of conviction, as allowed under Maryland law; his conviction therefore became final on March 13, 2008, when the appeal period expired. See Md. Code Ann., Cts. & Jud. Proc. § 12-302(e)(2).

On April 21, 2008, Fullard filed a timely motion for reconsideration of sentence pursuant to Maryland Rule 4-345(e). (Docket Entries at 6). The Rule provides that the sentencing court may not act on such a motion after five years from the date of sentencing. Md. Rule 4-345(e)(1). Fullard's motion was held sub curia by the court and was eventually constructively denied five years after sentencing, i.e., February 12, 2013, when the sentencing court no longer had authority to rule on the motion.

On November 22, 2013, Fullard filed a petition for post-conviction relief. (Docket Entries at 6). The petition was denied and Fullard filed a timely application for leave to appeal, which was denied by the Court of Special Appeals of Maryland on February 16, 2017. (Id. at 7). The Court issued its mandate on March 21, 2017. (Id.).

Fullard filed a Petition for Writ of Habeas Corpus on February 22, 2018. (ECF No. 1). In the Petition, as supplemented, Fullard argues that he was denied the effective assistance of counsel during his guilty plea, his plea was not knowing and voluntary, and the proffered facts offered during the plea were insufficient to support the charge of first-degree murder. (ECF No. 1-1; Suppl. Pet. at 4, 8, ECF No. 3). Respondents filed an Answer in which they argue that the Petition should be dismissed as time-barred. (ECF No. 7). The Court provided Fullard an opportunity to explain why the Petition should not be dismissed as time-barred. (ECF No. 8). Fullard did not respond.

Subsequently, the Court directed Respondents to supplement their Response to address what, if any, effect Fullard's April 21, 2008 Motion for Modification of Sentence had on the timeliness of this Petition. (ECF No. 9). Respondents filed an Amended Answer to the Petition, again arguing the Petition should be dismissed as time-barred. (ECF No. 10). Fullard was provided an additional opportunity to respond to Respondents' Amended Answer. (ECF No. 9). Fullard again failed to file anything with the Court.

## II.   DISCUSSION

In their Answer, Respondents assert that the Petition should be dismissed as time-barred because it was filed beyond the one-year limitations period of 28 U.S.C. § 2244(d).

## A.   <u>Legal Standard</u>

A petition for a writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A one-year limitations period applies to federal habeas petitions in non-capital cases filed by a person convicted in state court. 28 U.S.C. § 2244(d). Specifically:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been

> newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. § 2244(d)(l). This one-year period, however, is tolled while properly filed state post-conviction petitions are pending. Id. § 2244(d)(2).

## B.   Timeliness

The procedural history reveals that the one-year period lapsed before Fullard filed this § 2254 petition. Fullard's conviction became final on March 13, 2008, when the time for filing an application for leave to appeal his guilty plea expired. See Md. Code Ann., Cts. & Jud. Proc. § 12-302(e)(2). Thirty-nine days later Fullard filed a timely Motion under Md. Rule 4-345(e), which statutorily tolled the limitations period until February 12, 2013, when the motion was constructively denied. Fullard did not file any postconviction proceedings until 283 days later, when on November 22, 2013, he filed his first state petition for post-conviction relief.

The post-conviction proceedings concluded on March 21, 2017, when the Court of Special Appeals of Maryland issued its mandate denying Fullard's application for leave to appeal. Fullard then waited until February 22, 2018, a period of 338 days, before filing the instant case. Thus, Fullard had no proceedings pending from February 12, 2013 to November 22, 2013—a period of 283 days—or from March 21, 2017 to February 22, 2018—a period of 338 days—which would statutorily toll the limitations period. In sum,

Fullard had 660 days prior to filing this Petition during which his one-year statute of limitations was not tolled.

Finally, Fullard does not assert, and the Court cannot identify, a basis for finding that any of the provisions setting a later date for the commencement of the limitations period apply under these circumstances. <u>See</u> 28 U.S.C. §§ 2244(d)(l)(B)–(D). Thus, under any reading of the procedural history, the Petition was filed after the expiration of the limitations period and is time-barred.

## C.   <u>Equitable Tolling</u>

Under certain circumstances the statute of limitations for habeas petitions may be subject to equitable tolling. <u>See, e.g.</u>, <u>Harris v. Hutchinson</u>, 209 F.3d 325, 328 (4th Cir. 2000); <u>United States v. Prescott</u>, 221 F.3d 686, 687–88 (4th Cir. 2000). A petitioner seeking equitable tolling must show that (1) extraordinary circumstances, (2) beyond the petitioner's control or external to the petitioner's own conduct, (3) prevented timely filing of a petition. <u>Rouse v. Lee</u>, 339 F.3d 238, 246 (4th Cir. 2003) (<u>en banc</u>). Furthermore, to be entitled to equitable tolling a petitioner must have been "pursuing his rights diligently." <u>Holland v. Florida</u>, 560 U.S. 631, 649 (2010) (quoting <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005)). The application of equitable tolling must be "guarded and infrequent" and "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." <u>Harris</u>, 209 F.3d at 330. Even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling. <u>See</u> <u>United States v. Sosa</u>, 364 F.3d 507, 512 (4th Cir. 2004).

Fullard does not offer any argument in favor of equitable tolling. Because ignorance of the law, even for a self-represented petitioner, does not provide a basis for equitable tolling, the Court finds no persuasive basis for equitable tolling of the limitations period.

**D.**     **<u>Certificate of Appealability</u>**

Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" on a § 2254 petition. Because the accompanying Order is a final order adverse to the applicant, Fullard must receive a certificate of appealability before an appeal may proceed. 28 U.S.C. § 2253(c)(1).

When a petition is denied on procedural grounds, as is the case here, the petitioner meets the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

Fullard's claims are dismissed on procedural grounds, and, upon review of the record, this Court finds that he has not made the requisite showing. The Court therefore declines to issue a certificate of appealability. Fullard may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. <u>See</u> Fed.R.App.P. 22(b); <u>see also</u> <u>Lyons v. Lee</u>, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

## III.   CONCLUSION

For the foregoing reasons, the Petition for a Writ of Habeas Corpus will be DENIED. The Court will not issue a certificate of appealability. A separate Order shall issue.


_____10/15/2020_____                    _____/s/_____
Date                                    George L. Russell, III
                                        United States District Judge

7